UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Daciann D. B.,<br><br>Petitioner,<br><br>v.<br><br>Immigration Custody Enforcement, *ICE*,[1]<br><br>Respondent. | Case No. 23-cv-1338 (KMM/JFD)<br><br>REPORT AND RECOMMENDATION |

This matter is before the Court on Daciann D. B.'s ("Ms. B") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Ms. B is detained at the Kandiyohi County Jail by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(c). (Pet. at 1, Dkt. No. 1.)[2] She contends that her detention without a bond hearing is unreasonably prolonged and violates her right to due process. (*Id.* at 2.) She asks the Court to order the immigration court to hold a bond hearing at which ICE will have the burden of proving by clear and convincing evidence a justification for her continued detention and, if ICE is not able to make such a showing, Ms. B asks for release. (*Id.* at 7.) In the alternative, she asks the Court to order her immediate release. The case has been

---

[1] "[T]here is generally only one proper respondent to a . . . habeas petition": the person who has custody over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). That person, according to the attorney for Respondent, is ICE Field Office Director Marcos Charles. The Court recommends the substitution.

[2] The Court uses the page numbers provided by the ECF system when citing to docket filings.

referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court recommends that Ms. B's petition be granted as to her request for an individualized bond hearing but denied as to her request for immediate release.

I.   **Background**

Ms. B is a citizen of Jamaica, who entered the United States as a permanent resident in November 1996. (Pet. at 7.) On December 3, 2020, she was sentenced in the United States District Court for the Western District of New York to 46 months in prison after convictions for wire fraud in violation of 18 U.S.C. § 1342; false claims in violation of 18 U.S.C. § 287; and fraud related to identification documents in violation of 18 U.S.C. §§ 1028(a)(7) and 1028(b)(2)(B). (Pet. Ex. 1 at 2–2, Dkt. No. 1-3.) Ms. B served her sentence at the Federal Correctional Institution in Waseca, Minnesota.

On February 8, 2022, the Department of Homeland Security ("DHS") issued a Notice to Appear requiring Ms. B to appear before an immigration judge on April 6, 2022, and show cause why she should not be removed from the United States. (Pet. Ex. 1 at 1, Dkt. No. 1-2.) Ms. B was charged as removable under the Immigration and Nationality Act ("INA") § 237(a)(2)(A(iii), based on her conviction of an aggravated felony that involved fraud or deceit and resulted in a loss of more than $10,000 to the victims. (*Id.* at 2.)

On February 15, 2023, Ms. B was released from the custody of the Bureau of Prisons and placed in mandatory immigration custody under 8 U.S.C. § 1226(c). (Wright Decl. ¶ 13 & Ex. A, Dkt. Nos. 7 & 7-1.) Ms. B requested a bond hearing, which was denied because of the aggravated felony conviction. (Wright Decl. ¶ 14 & Ex. E, Dkt. Nos. 7 & 7-

5.) The removal proceedings were delayed several times because of several motions she filed.³ An immigration judge presumably held a removal hearing on August 31, 2023. (*See* Wright Suppl. Decl. Ex. 2 at 2, Dkt. No. 17-2.)



(Attach. 1 at 30, Dkt. No. 29.)

(*Id.* at 2.)

(Attach 3 at 1, Dkt. No. 31.)

Measuring from the date of February 15, 2023, when Ms. B was transferred to DHS custody, Ms. B has been in immigration custody for more than eight months.

## II.   Discussion

A court may grant habeas relief under 28 U.S.C. § 2241 to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This authority includes relief for habeas-based challenges to immigration-related detention. *Pedro O. v. Garland*, 543 F. Supp. 3d 733, 746 (D. Minn. 2021)

---

³ Ms. B filed a motion for reconsideration of the bond decision on March 8, 2023; motions for substitution of counsel and for a continuance on March 24, 2023; a request for "humanitarian parole from custody" on April 4, 2023; a second motion for a continuance on April 14, 2023; and a third motion for a continuance on June 6, 2023. (Wright Decl. ¶¶ 15, 17, 18, 20, 22, 24 & Exs. F, H, I, K, M, O; *see also* Wright Suppl. Decl. Ex. 1, Dkt. No. 17-1.)

(Menendez, J. (then-Mag. J.)), *R. &. R. accepted*, 543 F. Supp. 3d at 744). Although Ms. B is subject to mandatory detention under 8 U.S.C. § 1226(c), "the Due Process Clause of the Fifth Amendment limits the government's power to detain an individual under the immigration laws." *Id.* at 747.

Numerous courts in the District of Minnesota have "recognized that 'prolonged mandatory detention under § 1226(c), without an individualized determination that a detainee presents a risk of flight or a danger to the community, may violate the Due Process Clause[.]" *See id.* (citing cases). Courts in this District consider several factors, first set forth in *Muse v. Sessions*, 409 F. Supp. 3d 707 (D. Minn. 2018) to determine whether continued detention under § 1226(c) is constitutional. *See id.* Those factors are:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Muse*, 409 F. Supp. 3d at 715; *see Pedro O.*, 543 F. Supp. 3d at 738, 748.

Ms. B was detained pursuant to § 1226(c) on February 15, 2023. As of the date of this Report and Recommendation, the length of her detention is more than eight-and-a-half months. Detentions of eight months have been found unreasonable under the Due Process Clause. *See Muse*, 409 F. Supp. 3d at 716 (citing *Sajous v. Decker*, No. 18-cv-2447, 2018 WL 2357266, at *1, *7 (S.D.N.Y. May 23, 2018) (eight months); *Gordon v. Shanahan*, No. 15-cv-261, 2015 WL 1176706, *3–4 (S.D.N.Y. March 13, 2015) (eight months)); *Pedro O.*, 543 F. Supp. 3d at 749 (also citing *Sajous* and *Gordon*). A detention of less than six months, on the other hand, "weighs significantly against granting relief." *Jesus I. v.*

4

*ICE*, No. 23-CV-1630 (ECT/TNL), 2023 WL 4564420, at *3 (D. Minn. June 13, 2023), *R. &. R. adopted*, 2023 WL 4561434 (D. Minn. July 17, 2023). In Ms. B's case, the length-of-detention factor weighs in favor of requiring a bond hearing.

The second *Muse* factor—the likely duration of future detention—also favors Ms. B. Like Ms. B, the habeas petitioner in *Pedro O.* ███████████████████████████████████████████████████████████████████████████████████████████████. *Pedro O.*, 543 F. Supp. 3d at 737, 746. Although the likely duration of future detention is not possible to discern under these circumstances, the factor "at least slightly favors relief." *See id.* at 739. If Ms. B prevails on the appeal, she will still be subject to ████████████████████; if ICE prevails, Ms. B may opt to seek review by the Eighth Circuit Court of Appeals. *See id.* "Either way, some indeterminate period of future detention seems likely." *Id.*

The conditions-of-detention factor also weighs in Ms. B's favor. The more the conditions of detention "resemble penal confinement, the stronger [the] argument that [s]he is entitled to a bond hearing." *Muse*, 409 F. Supp. 3d at 717. Ms. B is housed in a county jail with inmates who are serving criminal sentences. In *Pedro O.*, Respondent did not dispute that the Kandiyohi County Jail is a criminal correctional facility and nothing in ICE's submissions in this case reflects a change in that position. (Resp't's Resp. at 25–26); 543 F. Supp. 3d at 739. Respondent does, however, question the relevance of conditions of confinement to immigration detention. The Court answers that the way in which ICE has chosen to effectuate § 1226(c)—by housing noncitizens in jail alongside individuals who

are serving criminal sentences—is relevant to due process for the reasons set out in *Pedro O*. *See Pedro O.*, 543 F. Supp. 3d at 748.

Turning to the fourth and fifth factors—the delays caused by Ms. B and ICE—the Court finds that Ms. B did cause some delay of the removal proceedings by filing motions for reconsideration, substitution of counsel, and continuances. However, there is no evidence that she engaged in dilatory tactics for the purpose of delaying deportation. ICE did not delay the removal proceedings. The Court concludes that these factors favor Respondent.

The sixth factor is the likelihood that the removal proceedings will result in a final order of removal. The record at this point in the case is not sufficient to allow the Court to confidently estimate the chances of a final order of removal. The Court therefore considers this factor neutral. *See Pedro O.*, 543 F. Supp. 3d at 739, 751; *Muse*, 409 F. Supp. 3d at 718.

On balance, the *Muse* factors weigh in favor of Ms. B, and ICE may not continue detaining her without an individualized determination that such detention is necessary. *See Pedro O.*, 543 F. Supp. 3d at 739, 751–52. Immediate release, however, is not warranted under the circumstances presented by this case. *See id.* at 752.

Nor is immediate release warranted by Ms. B's contention that § 1226(c) is unconstitutional as applied to lawful permanent residents. That argument is foreclosed by *Demore v. Kim*, 538 U.S. 510 (2003). The Supreme Court held in *Demore* that the habeas petitioner, who was a lawful permanent resident, could be detained pursuant to § 1226(c)

for a limited period pending removal proceedings. *Id.* at 513. Thus, § 1226(c) can be applied to lawful permanent residents.

Ms. B also argues that § 1226(c) cannot apply to her because she was not taken into ICE custody until three months after her original release date of November 22, 2022, citing *Waffi v. Loiselle*, 527 F. Supp. 2d 480, 488 (E.D. Va. 2007). *Waffi* held that the mandatory detention provision did not apply to a noncitizen who was taken into immigration custody more than a month after being released from state custody. *Id. Waffi* was abrogated, however, by *Hosh v. Lucero*, which "conclude[d] that the BIA's determination that criminal aliens like Hosh are subject to mandatory detention, despite not having been detained immediately upon release from state custody, is based on a permissible construction of § 1226(c)." 680 F.3d 375, 380 (4th Cir. 2012). And, in *Nielsen v. Preap*, 139 S. Ct. 954 (2019), the Supreme Court held that the mandatory detention provision is not limited to situations in which a noncitizen is taken into immigration custody immediately upon release from criminal custody. *Id.* at 964–65.

With respect to Ms. B's requests that ICE bear the burden of proof at the hearing and that the standard of proof be clear and convincing evidence, the Court recommends that those requests be granted for the reasons articulated in *Pedro O. See id.* at 739–44, 753–58. Briefly stated, it would be futile to require Ms. B to make these requests to the immigration judge because Board of Immigration Appeals precedent would require the immigration judge to place the burden of proof on the noncitizen. *See id.* at 740–41, 753–54. Further, the substantial private interest at stake, the risk of an erroneous deprivation of that interest, and the relatively insignificant administrative burden on ICE are due process

7

concerns that weigh in favor of placing the burden on ICE to justify by clear and convincing evidence Ms. B's continued detention. *See id.* at 741–43.

Accordingly, based on all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Daciann B.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) should be **GRANTED IN PART** and **DENIED IN PART**.

2. Ms. B's request for immediate release should be denied.

3. Ms. B should be given an individualized bond hearing before an immigration judge within 21 days of any order adopting this Report and Recommendation. If no hearing occurs, then Ms. B should be released absent further court order.

4. At the bond hearing, the parties should be allowed to present evidence and argument concerning whether Ms. B is a danger to the community and whether she is likely to flee if not detained. The immigration judge should be required to place the burden of proof on ICE, and continued detention should be authorized only if ICE meets its burden with clear and convincing evidence.

5. ICE Field Office Director Marcos Charles should be substituted as Respondent for Immigration Custody Enforcement.

Date:  October 31, 2023                              *s/ John F. Docherty*
                                                     JOHN F. DOCHERTY
                                                     United States Magistrate Judge

## NOTICE

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to D. Minn. LR 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation within fourteen days. A party may respond to objections within fourteen days after being served a copy of the objections. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).