UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daciann D. B.,  No. 23-cv-1338 (KMM/JFD)

    Petitioner,

v.  **ORDER**

Immigration Custody Enforcement, *ICE*,

    Respondent.

Daciann D. B. ("Ms. B") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking relief from her ongoing detention at the Kandiyohi County Jail by U.S. Immigration and Customs Enforcement ("ICE"). On October 31, 2023, United States Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") recommending that Ms. B's petition be granted in part because her mandatory detention under 8 U.S.C. § 1226(c) violates her constitutional right to due process of law. [R&R, ECF 38.]

Specifically, although noncitizens detained pursuant to § 1226(c) ordinarily are not entitled to a bond hearing, Judge Docherty recommends that Ms. B, a Jamaican citizen, be given an individualized bond hearing before an immigration judge. Further, he recommends that the government bear the burden of proving, by clear and convincing evidence, that that no condition or combination of conditions of release and parole will ensure the safety of the community or her appearance at future immigration proceedings. Judge Docherty concluded that these remedies were appropriate after applying the factors

1

set forth in *Muse v. Sessions*, 409 F. Supp. 3d 707 (D. Minn. 2018) to the circumstances of Ms. B's detention. Weighing in Ms. B's favor, Judge Docherty found that the length of her detention has become unreasonable; the likely duration of her future detention is indeterminate; and the conditions of her detention—in a county jail—resemble penal confinement. Weighing in favor of the Respondent, he found that ICE did not delay the removal proceedings and Ms. B had caused some delays of the removal proceedings, though she did not engage in dilatory tactics. "On balance, [Judge Docherty concluded] the *Muse* factors weigh in favor of Ms. B, and ICE may not continue detaining her an individualized determination that such detention is necessary."[1] [R&R at 6.]

The Respondent objects to the R&R on several grounds. First, it contends that the proper analysis stems from *Demore v. Kim*, 538 U.S. 510 (2003) and the R&R's application of the multi-factor test developed in *Muse* to determine when mandatory detention of a noncitizen under s. 1226(c) has become unreasonable is inconsistent with *Demore*. Second, Respondent argues that the R&R's use of the *Muse* factors was erroneous because it does not consider the congressional purposes behind mandatory detention. Third, Respondent contends that the R&R's conclusion improperly elevates the importance of the length and context of the Petitioner's detention over its purpose and discounts the choices that Petitioner made—seeking continuance, hiring new lawyers, and seeking relief from removal—that prolonged her pre-removal detention. Finally, the Respondent contends that the R&R improperly shifts the burden of proof to the

---

[1] Judge Docherty rejected Ms. B's request for immediate release, and Ms. B does not object to that conclusion. [R&R at 8; ECF 41.] The Court accepts that recommendation.

government because it fails defer to congressional and executive policy and ignores Supreme Court precedent indicating that noncitizens are not entitled to the same procedural protections afforded to citizens.

Respondent's objections are overruled. The Respondent's first three arguments ultimately suggest that the Due Process Clause places virtually no limits on the length of detention under § 1226(c), and that *Demore* supports that proposition. But courts in this District, including the *Muse* court, this Court, and others have repeatedly rejected variations of that argument.[2] *See, e.g.*, *Pedro O. v. Garland*, 543 F. Supp. 3d 733, 738–39 (D. Minn. 2021) (rejecting similar arguments). Further, based on a de novo review of the record, the Court agrees with Judge Docherty's application of the relevant factors outlined in *Muse* and his conclusion that Ms. B is entitled to an individualized bond hearing. In addition, the Court agrees with the cases in which courts have concluded that the government should bear the burden of proof at such a bond hearing, where it will be required to prove, by clear and convincing evidence, that no condition or combination of conditions of release and parole will ensure the safety of the community or her appearance at future immigration proceedings. *Id.* at 740–44; *Chuol P.M. v. Garland*, No. 21-CV-1746 (KMM/DTS), 2022 WL 2302635, at *1 (D. Minn. June 27, 2022) (citing cases).

---

[2] The undersigned is aware of the pending appeal in *Banyee v. Garland*, No. 22-2252 (8th Cir.). However, neither the Eighth Circuit, nor the Supreme Court have resolved the question of what limits the Due Process Clause places on detention under § 1226(c).

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation [ECF 38] is **ACCEPTED**.

2. Daciann B.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF 1] is **GRANTED IN PART** and **DENIED IN PART**.

3. Ms. B's request for immediate release is denied.

4. Within 21 days of this Order, Respondent must ensure that Petitioner receives an individualized bond hearing before an immigration judge. If no bond hearing occurs, then Ms. B must be released absent further order of this Court.

5. At the bond hearing, the parties must be allowed to present evidence and argument concerning whether Ms. B is a danger to the community and whether she is likely to flee if not detained. The immigration judge must place the burden of proof on ICE, and continued detention must only be authorized if ICE meets its burden with clear and convincing evidence.

6. The Clerk of Court is directed to substitute ICE Field Office Director Marcos Charles as Respondent for Immigration Custody Enforcement.[3]

**Let Judgment be entered accordingly**.

Date:  November 13, 2023                    *s/ Katherine Menendez*
                                            Katherine Menendez
                                            United States District Judge

---

[3] Judge Docherty's recommendation that ICE Field Office Director Marcos Charles be substituted as the Respondent in this case is based on the general proposition that generally speaking, the proper respondent in a habeas case is the person who has custody over the petitioner. [R&R at 1 n.1 (citing *Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004))]. Counsel for the Respondent represented that Mr. Charles is the ICE representative who controls Ms. B's custody and can produce Ms. B if necessary. [ECF 16 at 1 n.1.] Petitioner does not object to this recommendation.